IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

DERRICK ADROW                                                                                                PLAINTIFF

v.                                                  CIVIL NO. 11-2024

MICHAEL J. ASTRUE, Commissioner
Social Security Administration                                                                         DEFENDANT

## ORDER ON MOTION FOR ATTORNEY'S FEES

### I.   Procedural Background

Plaintiff, Derrick Adrow, appealed the Commissioner's denial of benefits to this court. Pl.'s Compl., ECF No. 1.  On November 8, 2011, a judgment was entered remanding Plaintiff's case to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g).  ECF No. 14. Plaintiff now moves for a total of $3,466.50 in attorney's fees and costs under 28 U.S.C. § 2412, the Equal Access to Justice Act ("EAJA"), requesting compensation for 19.10 attorney hours at an hourly rate of $165.00 and 6.30 paralegal hours at an hourly rate of $50.00.  Pl.'s Mot. Att'y Fees and Br. in Supp., ECF Nos. 15-16.  The Commissioner filed a response objecting to paralegal hours alleged to be clerical in nature.  Def.'s Resp., ECF No. 17.  On April 18, 2012, a hearing was held to address the Commissioner's objection.

### II.  Discussion

Pursuant to 28 U.S.C. § 2412(d)(1)(A), the court must award attorney's fees to a prevailing social security claimant unless the Commissioner's position in denying benefits was substantially justified.  The burden is on the Commissioner to show substantial justification for the government's denial of benefits. *Jackson v. Bowen*, 807 F.2d 127, 128 (8th Cir. 1986).  After

reviewing the file, we find Plaintiff is a prevailing party in this matter.  Under *Shalala v. Schaefer*, 509 U.S. 292, 302 (1993), a social security claimant who obtains a sentence-four judgment reversing the Commissioner's denial of benefits and remanding the case for further proceedings is a prevailing party.

An award of attorney's fees under the EAJA is appropriate even though at the conclusion of the case, Plaintiff's attorney may be authorized to charge and collect a fee pursuant to 42 U.S.C. § 406(b)(1).  Recovery of attorney's fees under both the EAJA and 42 U.S.C. § 406(b)(1) was specifically allowed when Congress amended the EAJA in 1985.  *Gisbrecht v. Barnhart,* 535 U.S. 789, 796, 122 S.Ct. 1817, 1822, 152 L.Ed.2d 996 (2002), citing Pub.L. 99-80, § 3, 99 Stat. 186 (1985).

> To permit a fee award under the EAJA, assuming, of course, that the necessary standard is met, in addition to that allowed by the district court out of a claimant's past-due benefits does no more than reimburse the claimant for his or her expenses and results in no windfall for the attorney.

*Meyers v. Heckler,* 625 F.Supp. 228, 231 (S.D.Ohio 1985)*.*  Furthermore, awarding fees under both acts facilitates the purpose of the EAJA, which is to shift to the United States the prevailing party's litigation expenses incurred while contesting unreasonable government action.  *Id.  See also Cornella v. Schweiker,* 728 F.2d 978 (8th Cir.1984).

The EAJA further requires an attorney seeking fees to submit "an itemized statement...stating the actual time expended and the rate at which fees and other expenses were computed."  28 U.S.C. § 2412(d)(1)(B).  Attorneys seeking fees under federal fee-shifting statutes such as the EAJA are required to present fee applications with "contemporaneous time records of hours worked and rates claimed, plus a detailed description of the subject matter of

AO72A
(Rev. 8/82)

the work." *Id.* Where documentation is inadequate, the court may reduce the award accordingly. *Hensley v. Eckerhart,* 461 U.S. 424, 433 (1983).

In determining a reasonable attorney's fee, the court will in each case consider the following factors: time and labor required; the difficulty of questions involved; the skill required to handle the problems presented; the attorney's experience, ability, and reputation; the benefits resulting to the client from the services; the customary fee for similar services; the contingency or certainty of compensation; the results obtained; and the amount involved. *Allen v. Heckler,* 588 F.Supp. 1247 (W.D.N.Y. 1984).

However, the EAJA is not designed to reimburse without limit. *Pierce v. Underwood,* 487 U.S. 552, 573 (1988). The district court is "in the best position to evaluate counsel's services and fee request, particularly when the court has had the opportunity to observe firsthand counsel's representation on the substantive aspects of the disability claim." *Hickey v. Secretary of HHS,* 923 F.2d 585, 586 (8th Cir. 1991) (quoting *Cotter v. Bowen,* 879 F.2d 359, 361 (8th Cir. 1989)). The court can determine the reasonableness and accuracy of a fee request, even in the absence of an objection by the Commissioner. *See Decker v. Sullivan,* 976 F.2d 456, 459 (8th Cir. 1992) ("Although the issue was not raised on appeal, fairness to the parties requires an accurately calculated attorney's fee award.").

*The Contract with America Advancement Act of 1996*, passed on March 29, 1996, amended the EAJA and increased the statutory ceiling for the EAJA fee awards from $75.00 to $125.00 per hour. *See* 28 U.S.C. § 2 412(d)(2)(A). Attorney's fees may not be awarded in excess of $125.00 per hour, the maximum statutory rate under § 2412(d)(2)(A), unless the court finds that an increase in the cost of living or a special factor such as the limited availability of

qualified attorneys justifies a higher fee. 28 U.S.C. § 2412(d)(2)(A). The decision to increase the hourly rate is not automatic and remains at the discretion of the district court. *McNulty v. Sullivan*, 886 F.2d 1074 (8th Cir. 1989). In *Johnson v. Sullivan*, 919 F.2d 503 (8th Cir. 1990), the court stated that the hourly rate may be increased when there is "uncontested proof of an increase in the cost of living sufficient to justify hourly attorney's fees of more than $75.00 an hour," such as a copy of the Consumer Price Index ("CPI").

In this instance, counsel requests attorney's fees at an hourly rate of $165.00. Pl.'s Br. in Supp., Ex. 2. Counsel presented a link to the CPI as evidence that this rate is a proper reflection of the cost of living. Pl.'s Br. in Supp. 2. The Commissioner does not object to this rate, and the court finds it to be reasonable. Def.'s Resp. 2-3. Accordingly, the undersigned finds that counsel is entitled to an hourly rate of $165.00.

Counsel also requests compensation for 6.30 paralegal hours at an hourly rate of $50.00. Pl.'s Br. in Supp., Ex. 2. A prevailing party that satisfies EAJA's other requirements may recover paralegal fees at prevailing market rates. *Richlin Sec. Service Co. v. Chertoff,* 128 S.Ct. 2007, 2019 (U.S. 2008). Plaintiff's counsel cited to *Stockton v. Shalala*, 36 F.3d 49 (8th Cir. 1994), as evidence that this hourly rate is appropriate for paralegal work. Pl.'s Br. in Supp. 3. The Commissioner does not object to this rate, and the court finds $50.00 per hour for paralegal work to be reasonable.

The Commissioner objects to the follow tasks as purely clerical in nature: 1.00 paralegal hour on January 27, 2011, for preparing the Affidavit of Financial Status, Plaintiff's Motion to Proceed *in forma pauperis*, summonses, and cover sheet, .50 paralegal hours on January 27, 2011, for preparing a letter to the clerk for filing the complaint and other documentation, .30

paralegal hours on January 31, 2011, for ECF filing of the consent form with federal court, .40 paralegal hours on February 7, 2011, for preparing letters to accompany the complaint and summonses, a total of 1.20 paralegal hours between February 17, 2011, and February 23, 2011, for preparing the affidavits of service, and .40 paralegal hours on January 27, 2012, for ECF filing of the EAJA documentation.

In *Granville House, Inc. v. Department of HEW*, 813 F.2d 881, 884 (8th Cir. 1987), the Eighth Circuit determined that work which could have been performed by support staff is not compensable under the EAJA. It is the court's interpretation that the nature of the task, rather than the individual performing it, dictates whether it is characterized as purely clerical in nature. At the fee hearing, Plaintiff's attorney testified that, in his experience, tasks related to service and receipt of summonses require the expertise and training of a paralegal and cannot be delegated to his secretarial staff. The undersigned has considered counsel's argument and grants 1.00 paralegal hours for preparing the Affidavit of Financial Status, Plaintiff's Motion to Proceed *in forma pauperis*, summonses, and cover sheet, .50 paralegal hours for preparing a letter to the clerk for filing the complaint and other documentation, and a total of 1.20 paralegal hours for preparing the affidavits of service, as these tasks are not purely clerical in nature. However, the undersigned concludes that ECF filing of the consent form, preparing letters to accompany the complaint and summonses, and ECF filing of the EAJA documentation are tasks that could have been performed by support staff and, as such, are not compensable. The court will deduct a total of 1.10 paralegal hours from the total number of compensable hours. Accordingly, the court finds that counsel is entitled to 5.20 paralegal hours at an hourly rate of $50.00.

AO72A
(Rev. 8/82)

Based on the above, the court awards Plaintiff fees under the EAJA for 19.10 attorney hours at an hourly rate of $165.00 per hour and 5.20 paralegal hours at an hourly rate of $50.00, for a total attorney's fee award of $3,411.50.  This amount should be paid in addition to, and not out of, any past due benefits which Plaintiff may be awarded in the future.  Further, this award should be made payable directly to Plaintiff, but may be properly mailed to Plaintiff's attorney.[1] The parties are reminded that the award under the EAJA will be taken into account at such time as a reasonable fee is determined pursuant to 42 U.S.C. § 406, in order to prevent double recovery by counsel for the Plaintiff.

IT IS SO ORDERED this 19th day of April 2012.

/s/ *J. Marschewski*
HONORABLE JAMES R. MARSCHEWSKI
CHIEF UNITED STATES MAGISTRATE JUDGE

---

[1] On June 14, 2010, the Supreme Court overturned *Ratliff v. Astrue*, 540 F.3d 800, 802 (8th Cir. 2008), and held that an EAJA fee award is payable to the prevailing litigant, not the prevailing litigant's attorney. *Astrue v. Ratliff*, 130 S.Ct. 2521, 2252-2253 (2010).  Therefore, any EAJA fee awarded by this court should be payable directly to Plaintiff, but may be properly mailed to Plaintiff's attorney.

AO72A
(Rev. 8/82)